**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| V. | ) | CASE NUMBER: 2:13CR89-WKW |
| | ) | |
| | ) | |
| VAREZ WARD | ) | |

**MOTION FOR**
**DISCLOSURE OF FEDERAL RULE OF EVIDENCE 801(d)(2)(E) EVIDENCE, FOR A HEARING OUTSIDE THE PRESENCE OF THE JURY THEREON AND TO EXCLUDE SUCH EVIDENCE**

COMES NOW, Defendant, by and through his undersigned counsel of record and respectfully requests that the Court enter an Order as follows:

  a. Directing the government to disclose to defense counsel in advance of trial either verbatim or the substance of all evidence it will seek to introduce at the trial of the above-styled case pursuant to Fed.R.Evid. 801(d)(2)(E);

  b. Directing the government to refrain from submitting in the presence of the jury evidence pursuant to Fed.R.Evid. 801(d)(2)(E), without first notifying the Court and defense counsel on the record before such an attempt;

  c. Requiring a hearing outside the presence of the jury to establish the admissibility of such evidence; and

  d. Excluding from defendant's trial such evidence.

In support of this motion, the defendant shows as follows:

  1. The Defendant anticipates that the prosecution will attempt to introduce evidence under Fed.R.Evid. 801(d)(2)(E), relating to the admissibility of statements of co-conspirators. We submit that many of these statements in fact may not be by co-conspirators, nor, to the extent

made, the statement or statements will not be in furtherance of any conspiracy. In addition, we submit that the government will not be able to satisfy the requirements of the evidentiary rule by establishing the necessary foundation for the admissibility of such evidence. To allow the government to place such alleged statements before the jury without establishing a foundation and without notice to the defendant violates this defendant's right to a fair trail, due process of law and his right to confront witnesses. Crawford v. Washington, 124 S.Ct. 1354 (2004).

2.      The defendant submits that co-conspirators' statements are subject to pretrial disclosure under Fed.R.Cr.P. 16. See, United States v. Madeoy, 652 F.Supp. 371 (D. D.C. 1987). Even if the Court rules otherwise, basic fairness and judicial economy require the Court to order the government to identify and produce such alleged co-conspirators' statements before they are offered for admission. That way, the defense can effectively prepare to investigate and rebut such statements, and the Court can rule upon their admission, before the tainting of the jury by exposure to inadmissible evidence occurs.

3.      A hearing outside the presence of the jury on this matter obviates the clear dangers to the defendant's rights to a fair trail. As the Court will recall, criminal cases in this Circuit used to be governed by such a rule of fairness established by United States v. James, 590 F.2d 575 (5th Cir. 1979). While James did not require a pretrial hearing in every case, it required a hearing outside the presence of the jury.

4.      As with all rules that tend to protect the rights of defendants and take up a lot of time, the James rule was slowly whittled away until it was completely eviscerated in Bourjaily v United Stated, 483 U.S. 171 (1987). Bourjaily formally did away with the sound requirement that the admissibility of the co-conspirator hearsay statement be corroborated by evidence independent of the statement itself. Bourjaily represented a radical interpretation of well-settled

law, and Rule 801 was amended in 1997 to make clear that, in determining whether the declarant and the defendant were members of the conspiracy, the trial court may consider the contents of the statements themselves, but must also find some independent evidence of conspiracy.

5. Other than the rule amendment which in effect reestablished prior practice, additional reasons exist in this case which dictate a pretrial James hearing. The defendant has been indicted as a coconspirator with others who probably have been interviewed and made statements outside of this defendant's presence. As such, there may be a number of statements offered by the government under 801(d)(2)(E) which do not qualify as admissible statements against this defendant. See, United States c. Silverman, 861 F.2d 571 (9th Cir 1988) (mere association with a member of a conspiracy has little probative value in demonstrating a defendant's connection to the conspiracy); United States v. Mitchell, 31 F.3d 628 (8th Cir 1994) (statements which merely inform listener of declarant's criminal activity is not made in furtherance of the conspiracy.) See also, Crawford, supra.

WHEREFORE, for all the above and foregoing reasons, the accused respectfully requests the Court to inquire into his motions and to grant the following relief:

(a) That the Court direct the prosecution to refrain from eliciting alleged co-conspirators' statements from any government witness without first notifying the Court and defense counsel and making a showing out of the presence of the jury that the evidence sought to be elicited is admissible;

(b) That the Court Order that the government produce to the defense all statements it will seek to introduce under Fed.R.Evid. 801(d)(2)(E);

(c) That the Court hold a pretrial hearing outside the presence of the jury to determine the admissibility of such statements, if any, against this defendant; and

(d)     For such other and further relief as the Court deems proper.

This 14th day of June 2013.

                Respectfully Submitted,

                */s/ Everett W. Wess*
                Everett W. Wess (ASB-0048-E52W)
                ewess@hiwaay.net
                Attorney at Law
                603 20th Street South
                Birmingham, Alabama 35210
                Office: (205) 251-9372
                Fax: (205) 449-2366

## **CERTIFICATE OF SERVICE**

        I hereby certify that on this 14th day of June, 2013, a true and correct copy of the foregoing has been served via the Court's CM/ECF filing system and U.S. Mail, postage prepaid and properly addressed, upon the following counsel of record.

    **United States Attorney's Office**
    **Middle District of Alabama**
    c/o Assistant U.S. Attorney c/o Susan Redmond
    131 Clayton Street
    Phone: (334) 223-7280
    Fax: (334) 223-7560

                */s/ Everett W. Wess*
                Everett W. Wess